UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ZACHARY JAMES LAWSON,

    Defendant.

Case No. 24-cr-20613
Honorable Mark A. Goldsmith

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Dkt. 15)

Before the Court is Defendant Lawson's motion to suppress evidence (Dkt. 15). For the reasons set forth below, the Court denies the motion.[1]

### I.  BACKGROUND

Lawson is charged with one count of sexual exploitation of a child, a violation of 18 U.S.C. § 2251(a), one count of distribution of child pornography, a violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Indictment (Dkt. 1). Lawson's motion challenges the probable cause in the first search warrant that allowed the government to search three of his cell phones. Br. Supp. Mot. at PageID.34-36. Lawson argues that because the probable cause in the first cell phone search warrant was tainted, the resulting evidence that was used to establish probable cause in the additional four search warrants that the Government executed on Lawson should also be suppressed as "fruit of the poisonous tree." Id. at PageID.37. Because Lawson's motion to

---

[1] In addition to Lawson's motion to suppress evidence, the briefing includes the Government's response (Dkt. 17).

1

suppress is based on the sufficiency of the probable cause in the four corners of the search warrant, the Court need not conduct an evidentiary hearing.

The affidavit in support of the first search warrant alleges that on August 18, 2024, an adult female[2] (W1) went to the Brownstown Police Department (PD) to report that she had gone through Lawson's three cellphones after she believed that Lawson had taken nude photographs of her without her consent. Br. Supp. Mot. at PageID.60. W1 said that, during her review of Lawson's three phones, she found images of herself that were taken without her consent and that she also viewed numerous images which depicted underage girls nude and engaged in sexual acts. Id. W1 also reported to Brownstown PD that she observed "numerous communications" with girls under the age of 18, a fact she knew because these girls identified themselves as being 15 years old. Id. W1 said that she observed Lawson asking these underage girls for nude images and videos of themselves in exchange for money. Id. When some of these girls would refuse Lawson's requests, W1 observed Lawson harassing the girls via text message by sending them unsolicited images and videos of his genitalia as well as videos of him and others engaged in sexual acts. Id. W1 reported to Brownstown PD that the images of nude girls and communications with underage girls were present on all three cellphones. Id. at PageID.60–61. After making this discovery, W1 took the three cell phones to the Brownstown PD. Id. at PageID.61. The next day, on August 19, 2024, Brownstown PD turned the three cell phones over to the FBI. Id.

The first search warrant's supporting affidavit next details "financial and communications" records that the FBI alleges it voluntarily received from Block, Inc., the parent company of CashApp, regarding Lawson's CashApp account on August 19, 2024. Id. The affidavit explains that CashApp requires account holders to be over 18 years old but that users over 18 years old can

---

[2] Lawson states this W1 was his girlfriend. Br. Supp. Mot. at PageID.34.

"sponsor" accounts for individuals who are 13–17 years old. Id. at PageID.62. The affidavit alleges the records show transactions between Lawson's account and minor accounts that he allegedly sponsored. Id. For example, the affidavit details the following alleged transaction:

> 09/12/2023
> 02:04:15 UTC
> MV1 - for the vids bae, I wanna make u cum 😊 (Requested $30.00)
> Lawson – (Paid $20.00)
> Lawson – (Paid $10.00)
> 23:42:45 UTC
> MV1 - let me make u cum hard for me tonight daddy (Requested $40.00)
> Lawson – (Paid $40.00)

Id.

To ensure the Government received all of Lawson's CashApp records, the FBI subpoenaed CashApp on August 21, 2024 and the records were returned a week or so later. Resp. Supp. Mot. at PageID.205 (Dkt. 17).

## II. ANALYSIS

Probable cause requires "more than mere suspicion," but "less than prima facie proof" of criminality. United States v. Harris, 255 F.3d 288, 292 (6th Cir. 2001). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983) (punctuation modified). This determination is based on a "totality-of-the-circumstances" approach. Id. A court reviewing a magistrate judge's decision to issue a warrant accords it "great deference," to effectuate the constitutional preference for searches conducted by way of judicially

authorized warrants. United States v. Leon, 468 U.S. 897, 914 (1984). The magistrate judge's decision on probable cause will be overturned only if it was arbitrarily made. United States v. Coffee, 434 F.3d 887, 892 (6th Cir. 2006).

The Court considers the following when relying on an informant's tip to establish probable cause: "(1) the reliability of the informant; (2) the basis of the informant's knowledge; and (3) any police corroboration of the informant's tip." United States v. Tillman, 404 F. App'x 949, 951 (6th Cir. 2010) (punctuation modified); see also Coffee, 434 F.3d at 893 ("[A] court must consider the veracity, reliability, and the basis of knowledge" when considering information from a confidential informant.). Personal knowledge "entitles [the] tip to greater weight than might otherwise be the case." Tillman, 404 F. App'x at 952 (punctuation modified); Ahlers v. Schebil, 188 F.3d 365, 370 (6th Cir. 1999) (finding that firsthand observations are entitled to a presumption of reliability and veracity). "Unlike a tip from an anonymous informant, a tip from a known informant whose reputation can be assessed and who can be held responsible if her allegations turn out to be fabricated is far more trustworthy." Tillman, 404 F. App'x at 952 (punctuation modified).

W1's firsthand observations of nude photos and videos of alleged minors on Lawson's cell phone and her observations of Lawson's explicit communications with individuals who identified themselves as minors, alone, are sufficient to establish probable cause to search Lawson's three phones. They establish the fair probability that evidence of criminal conduct will be uncovered. The decision by the magistrate judge that these facts amounted to probable cause to search the three cellphones for evidence of the crimes listed in the first search warrant was certainly reasonable and cannot in any way be characterized as arbitrary.

Lawson argues that the search of his three cell phones violated his Fourth Amendment rights because the FBI relied upon illegally obtained evidence to form the basis of its probable

cause for the first search warrant. Br. Supp. Mot. at PageID.38. The alleged illegally obtained evidence relates to the CashApp records. Id. Lawson argues that (i) he has a reasonable expectation of privacy in his CashApp records so that the Government needed a warrant to obtain the records and (ii) the search warrant's supporting affidavit lacks details about how the Government voluntarily received the CashApp records and how it knew Lawson had a CashApp account. Id. at PageID.39, 43–44. However, because this Court found that the magistrate judge did not need the CashApp records to establish probable cause to search the phones, the Court need not examine these arguments.

## III. CONCLUSION

For all of the above reasons, Lawson's motion (Dkt. 15) is denied.[3]

**IT IS SO ORDERED.**

Dated: July 2, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 2, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager

---

[3] Given the Court's ruling that W1's tip alone was sufficient to establish probable cause to search the three cell phones, there is no need to address other arguments made in the briefing, such as the private search exception, the good-faith exception, and the inevitable-discovery doctrine.